- E X H I B I T   A -

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------x
CRISTOBALINA PEREZ RAMOS,

                              Plaintiff,

    -against-

THE STOP & SHOP SUPERMARKET COMPANY
LLC, and PACKAGING CENTER, INC.,

                              Defendants.
-------------------------------------x
```

Index no:
Date Purchased:

Plaintiff designates
KINGS County as
Place of Trial
Basis of venue is:
Residence of Plaintiff

**SUMMONS**

Plaintiff resides at:
138 Cleveland Street
Brooklyn, New York

To the above named Defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: November 9, 2020

DAVID HOROWITZ, P.C.
Attorney for Plaintiff

By:_____
   Joanna Plonska
171 Madison Avenue
New York, New York 10016
(212) 684-3630

Defendants' addresses:
THE STOP & SHOP: C/O Corporation Service Company, 80 State Street, Albany, New York
PACKAGING: C/O Corporation Service Company, 80 State Street, Albany, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------x
CRISTOBALINA PEREZ RAMOS,

                Plaintiff,

    -against-              **VERIFIED COMPLAINT**

THE STOP & SHOP SUPERMARKET COMPANY
LLC, and PACKAGING CENTER, INC.,

                Defendants.
----------------------------------------x

        Plaintiff, complaining of the defendants by her attorney, DAVID HOROWITZ, P.C., respectfully alleges upon information and belief as follows:

        1. That at all times herein mentioned, the defendant THE STOP & SHOP SUPERMARKET COMPANY LLC, was a foreign limited liability company, licensed to do business in the State of New York.

        2. That at all times herein mentioned, the defendant PACKAGING CENTER, INC., was a foreign business corporation, licensed to do business in the State of New York.

AS AND FOR A FIRST CAUSE OF ACTION
<u>AGAINST DEFENDANT THE STOP & SHOP SUPERMARKET COMPANY LLC</u>

        3. That on April 8, 2019, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was the owner of premises located at 92-10 Atlantic Avenue, Ozone Park, New York.

        4. That on April 8, 2019, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was the lessee of premises located

at 92-10 Atlantic Avenue, Ozone Park, New York.

5. That on April 8, 2019, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was the owner of a supermarket business located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

6. That on April 8, 2019, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC operated a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

7. That on April 8, 2019, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, maintained a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

8. That on April 8, 2019, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, supervised a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

9. That on April 8, 2019, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, managed a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

10. That on April 8, 2019, the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, controlled a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

11. That on April 8, 2019, plaintiff CRISTOBALINA PEREZ RAMOS was lawfully, legally and carefully on said premises as a business invitee.

12. That on April 8, 2019, at approximately 8:00 P.M.,

at the aforesaid premises, as plaintiff was in the cheese/milk isle, she was caused to slip and fall on an accumulation of wetness, thereby sustaining serious and severe permanent personal injuries.

13. That the negligence of the defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its agents, servants, and/or employees consisted in their negligent ownership, operation, management, maintenance, supervision and control of the business premises; in falling to properly mop and clean the floor; in failing to dry the floor; in failing to put up signs; in failing to block off the area being cleaned; in failing to provide for the safety of customers; in failing to give notice to plaintiff; in that a trap was set for the plaintiff; in failing to have proper mats; in failing to keep the business premises from dangerous conditions; in failing to make the area safe; in failing to protect those entering the area; in failing to place warning signs where they were visible; in failing to protect those lawfully on the premises; in setting a trap for plaintiff; in failing to provide for safety of customers; and in failing to avoid the occurrence although there was an opportunity to do so.

14. That by reason of the foregoing, the plaintiff, CRISTOBALINA PEREZ RAMOS, sustained severe, serious, permanent, painful, internal and external injuries to her body, limbs, person, nerves, tissues, etc.; was rendered incapacitated and unable to

attend to her usual duties; was required to seek medical aid and assistance, and upon information and belief, some of the aforesaid injuries are permanent.

15. That this case falls within one of the exceptions enumerated in CPLR 1602.

16. That by reason of the foregoing, plaintiff, CRISTOBALINA PEREZ RAMOS, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION
<u>AGAINST DEFENDANT PACKAGING CENTER, INC.</u>

17. Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs marked and numbered "1" through "16" with the same force and effect as if more fully enumerated hereinafter.

18. That on April 8, 2019, the defendant, PACKAGING CENTER, INC., was the owner of premises located at 92-10 Atlantic Avenue, Ozone Park, New York.

19. That on April 8, 2019, the defendant, PACKAGING CENTER, INC. was the lessee of premises located at 92-10 Atlantic Avenue, Ozone Park, New York.

20. That on April 8, 2019, the defendant, PACKAGING CENTER, INC., was the owner of a supermarket business located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

21. That on April 8, 2019, the defendant, PACKAGING CENTER, INC., operated a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

22. That on April 8, 2019, the defendant, PACKAGING CENTER, INC., maintained a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

23. That on April 8, 2019, the defendant, PACKAGING CENTER, INC., supervised a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

24. That on April 8, 2019, the defendant, PACKAGING CENTER, INC., managed a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

25. That on April 8, 2019, the defendant, PACKAGING CENTER, INC., controlled a store located at 92-10 Atlantic Avenue, Ozone Park, New York, known as Stop & Shop.

26. That on April 8, 2019, plaintiff CRISTOBALINA PEREZ RAMOS was lawfully, legally and carefully on said premises as a business invitee.

27. That on April 8, 2019, at approximately 8:00 P.M., at the aforesaid premises, as plaintiff was in the cheese/milk isle, she was caused to slip and fall on an accumulation of wetness, thereby sustaining serious and severe permanent personal injuries.

28. That the negligence of the defendant, PACKAGING CENTER, INC., its agents, servants, and/or employees consisted in

their negligent ownership, operation, management, maintenance, supervision and control of the business premises; in failing to properly mop and clean the floor; in failing to dry the floor; in failing to put up signs; in failing to block off the area being cleaned; in failing to provide for the safety of customers; in failing to give notice to plaintiff; in that a trap was set for the plaintiff; in failing to have proper mats; in failing to keep the business premises from dangerous conditions; in failing to make the area safe; in failing to protect those entering the area; in failing to place warning signs where they were visible; in failing to protect those lawfully on the premises; in setting a trap for plaintiff; in failing to provide for safety of customers; and in failing to avoid the occurrence although there was an opportunity to do so.

29. That by reason of the foregoing, the plaintiff, CRISTOBALINA PEREZ RAMOS, sustained severe, serious, permanent, painful, internal and external injuries to her body, limbs, person, nerves, tissues, etc.; was rendered incapacitated and unable to attend to her usual duties; was required to seek medical aid and assistance, and upon information and belief, some of the aforesaid injuries are permanent.

30. That this case falls within one of the exceptions enumerated in CPLR 1602.

31. That by reason of the foregoing, plaintiff,

CRISTOBALINA PEREZ RAMOS, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants on the first cause of action in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction, and on the second cause of action in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction, all together with the costs and disbursements of this action.

Dated: November 9, 2020

                                      DAVID HOROWITZ, P.C.

                                      By: _____
                                          Joanna Plonska
                                          171 Madison Avenue
                                          New York, N.Y. 10016
                                          (212) 684-3630

## ATTORNEY'S VERIFICATION

**JOANNA PLONSKA,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at DAVID HOROWITZ, P.C., attorneys of record for Plaintiff(s) **CRISTOBALINA PEREZ RAMOS**. I have read the annexed **SUMMONS AND COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because my Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

Dated: New York, New York
November 9, 2020

_____
JOANNA PLONSKA

Index No.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

CRISTOBALINA PEREZ RAMOS,

                              Plaintiff,

-against-

THE STOP & SHOP SUPERMARKET COMPANY LLC, and PACKAGING CENTER, INC.,

                              Defendants.

## SUMMONS AND COMPLAINT

# DAVID HOROWITZ, P.C.
*Attorneys for Plaintiff*
171 Madison Avenue, Suite 1300
New York, New York 10016
(212) 684-3630

*Pursuant to 22 NYCRR 130 1.1., the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: November 9, 2020*

                                                                    JOANNA PLONSKA, ESQ.